UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN RENEE GLIDEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:22-cv-01100-DWD |
| | ) |
| SOUTHERN ILLINOIS HOSPITAL | ) |
| SERVICES d/b/a SOUTHERN | ) |
| ILLINOIS HEALTHCARE, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED ESI PROTOCOL**

By joint motion, the parties seek the entry of a stipulation governing the search and production of electronically stored information ("ESI"). Upon review of the motion and the parties' proposed stipulation, and for good cause shown, the joint motion is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 26, the Court hereby enters the following as agreed upon by the parties:

1. As set forth in more detail below, this stipulated ESI protocol governs the search for and production of discoverable email communications in the possession of Defendant. This protocol is not intended to be an exhaustive list of the parties' discovery obligations.

2. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout. The parties will meet and confer in an attempt to reach an agreement on all ESI issues. In the event of an ESI discovery dispute that cannot be resolved upon meeting and conferring, the matter may be

1

submitted to the Court for determination.

3. The parties and their attorneys do not intend by this Order to waive their rights to any protection or privilege, including the attorney-client privilege and work product doctrine, or their rights to object to any discovery requests.

4. The parties have previously met, conferred and finalized an agreed-upon methodology governing the search for and production of discoverable email correspondence in the possession of Defendant.

5. To the extent Plaintiff's work email account (and sent/received email correspondence therein) still exists and is accessible to Defendant, Defendant will conduct a search of all sent and received emails in Plaintiff's work email account for the period of time of October 1, 2020 through September 1, 2021 utilizing the following search terms: FMLA; exhaust; "medical leave"; disability; accommodate; accommodation; fire; termination; terminate; burden; replace; COVID; diverticulitis; perforate; bowel. Defendant will compile all resulting documents for internal review. If Plaintiff's work email account (and sent/received email correspondence therein) no longer exists and is not accessible to Defendant, Defendant will confirm this fact in writing.

6. Further, Defendant will conduct a search of all sent and received emails from the work accounts of the following current or former employees: Esther Kabwe, Brittany Roach, Monica Zapp, Molly Hamilton, Amy Nieman, Molly Oliver, and Ashley Will. The time period for this search will be emails sent or received from October 1, 2020 through October 1, 2021, and this search will seek/compile all emails including the words "Dawn" and/or "Glidewell" along with or "plus" the following search terms: FMLA;

exhaust; "medical leave"; disability; accommodate; accommodation; fire; termination; terminate; burden; replace; COVID; diverticulitis; perforate; bowel.  Defendant will compile all resulting documents for internal review.  If the work email accounts (and sent/receive email correspondence therein) of any of the above-listed individuals no longer exist and are not accessible to Defendant, Defendant will confirm this fact in writing.

7. After these searches are completed, Defendant will review the resulting documents for privilege and responsiveness to Plaintiff's written discovery requests, and then shall produce to Plaintiff all non-privileged responsive email communications.

8. Bates numbers shall be assigned to each page of every document produced pursuant to this ESI protocol.

9. To the extent that any responsive email communications include attached documents/files, Defendant shall either produce the attachment or identify the attachment and confer with Plaintiff on whether that attachment should be produced.  If the parties are unable to resolve the issue after conferring, the matter may be submitted to the Court for determination.

10. In any situation where redaction of information is required, such redactions must be made in a way that ensures the integrity of the remaining text.  Any redactions must be clearly visible on the fact of the produced document.

11. Nothing in this Stipulated ESI Protocol shall be interpreted to require disclosure of irrelevant information or information protected from disclosure by the attorney-client privilege or work product doctrine.  The parties do not waive any

objections as to the production, discoverability, admissibility, or confidentiality of ESI documents.

12.     Nothing contained in this Stipulated ESI Protocol shall bind the Court, and it may in its discretion modify this Order as may be necessary in the interests of justice.

**SO ORDERED.**

Dated: December 14, 2022

*s/David W. Dugan*
DAVID W. DUGAN
United States District Judge