IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN RENEE GLIDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-1100-DWD |
| ) | |
| SOUTHERN ILLINOIS HOSPITAL ) | |
| SERVICES d/b/a SOUTHERN ) | |
| ILLINOIS HEALTHCARE,, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on a discovery dispute raised by the parties. Consistent with this Court's discovery dispute procedure, the parties met and conferred in an effort to resolve disputed matters without court intervention. Although the parties resolved a number of disputed discovery matters, they were unable to reach agreement as to four requests for production and two interrogatories. After reviewing the parties Joint Discovery Report,[1] the Court **ORDERS** as follows:

---

[1] The Court has also reviewed the relevant pleadings. In the instant case, Plaintiff brings claims under the Americans with Disabilities Act ("ADA") and the Illinois Human Rights Act ("IHRA"). (Doc. 1). Plaintiff, a respiratory therapist, was employed by Defendant from 2001 until her employment was terminated effective August 19, 2021. (Doc. 1, pp. 1-3). In November 2020, after working numerous shifts in Defendant's COVID-19 unit, Plaintiff contracted COVID-19. (Doc. 1, p. 3). Plaintiff's symptoms were "severe and long-standing," and her primary care doctor treated Plaintiff as a COVID-19 "long hauler." (Doc. 1, p. 3). As a result, Plaintiff was out of work on medical leave from November 10, 202 until February 2021. (Doc. 1, p. 3). During this time, Plaintiff received workers' compensation benefits/leave and utilized FMLA. (Doc. 1, p. 3). In July 2021, Plaintiff began experiencing excruciating pain and dry heaving while at work. (Doc. 1, p. 3). Plaintiff went to the emergency room and was diagnosed with diverticulitis and perforated bowels. (Doc. 1, p. 4). Plaintiff underwent emergency surgery and received a colostomy. (Doc. 1, pp. 3-4). Plaintiff expected to return to work in August of 2021. (Doc. 1, p. 4). Plaintiff, however, experienced complications and her medical provider estimated that Plaintiff would need a medical leave extension of approximately 30 days. (Doc. 1, p. 4). Defendant denied Plaintiff's request for additional medical leave and instead terminated her employment. (Doc. 1, p. 4). Plaintiff is seeking, *inter alia*, lost wages and emotional distress. (Doc. 1, pp. 6-10).

1. **Plaintiff's Request for Production No. 29**: The personnel file of all individuals hired by Defendant as a respiratory therapist at any time between July 1, 2021 and January 1, 2022, including documents evidencing the date of hire, inclusive dates of employment, and location(s) worked.

Defendant contends this request is irrelevant and an unwarranted invasion of the personal privacy of non-parties, and thus overly broad in scope. Plaintiff was terminated for lack of availability after exhausting all leave benefits. She was not terminated for lack of performance. Defendants previously identified all persons hired in the same job classification at the facility with dates of employment. Defendant contends that, because Plaintiff's professional qualifications are not at issue, the requested personnel files are irrelevant.

Plaintiff contends the requested personnel files are relevant to one of Defendant's stated defenses – that Defendant rejected Plaintiff's request for additional medical leave and instead terminated her because it would have been an "undue hardship" on Defendant to allow for additional medical leave. Given Defendant's stated defense, Plaintiff contends she is entitled to conduct discovery on the basis underlying the alleged undue hardship, including the details and documents evidencing any employees hired to replace Plaintiff's position or cover Plaintiff's workload on a full/part time basis. She further contends that whether she was "replaced" by a new hire or transferred employee is relevant to the issue of whether additional medical leave truly represented an undue hardship on Defendant. Plaintiff further contends that any privacy concerns are negated by the Protective Order already in place.

Defendant's objection to this request is **SUSTAINED**. The complete personnel files of the specified employees will undoubtedly contain information regarding non-parties that is not of a demonstrated relevance to any matters at issue in this action.

2. **Plaintiff's Request for Production No. 30**: The personnel file of all individuals hired, promoted and/or transferred to replace Plaintiff in her role as a respiratory therapist following the termination of Plaintiff's employment, including documents evidencing the date of hire, inclusive dates of employment, and location(s) worked.

The parties' arguments as to this request are identical to those arguments raised in connection with Plaintiff's Request for Production No. 29.

Defendant's objection to this request is **SUSTAINED**. The complete personnel files of the specified employees will undoubtedly contain information regarding non-parties that is not relevant to any matters at issue in this action.

3. **Plaintiff's Request for Production No. 35**: All documents containing, pertaining to, or referencing complaints, charges, and/or lawsuits of disability discrimination and/or failure to accommodate a disability by any employee of Defendant from January 1, 2020 to the present.

Defendant objects to this request as excessive and as not proportional to the needs of this case. Defendant further objects to this request as requiring material protected by the work product doctrine with respect to all documents "containing, pertaining to, or referencing…" Defendant contends that production of documents that contain, pertain to, or reference complaints, charges, and/or lawsuits would invade Defendant's strategic opinion (i.e. work product). Defendant contends that because disability cases require specific factual analysis, the only facts which would be relevant are the specific facts

3

related to Plaintiff's situation. Defendant also contends that the factual details of someone else's disability claim would be an unwarranted invasion of that person's privacy.

Plaintiff contends that this request is not excessive or disproportional. Rather, it is narrowly tailored both in time (January 2020- present) and subject matter (complaints/charges/lawsuits of disability discrimination and/or failure to accommodate). Plaintiff contends that discovery on the issue of whether other employees have experienced similar discrimination and/or lodged similar complaints is relevant as it may establish a pattern or practice of discrimination, and it is probative on the issues of motive and the applicability of punitive damages. Plaintiff further contends that Defendant's remaining concerns are best addressed by utilizing the Protective Order and/or a privilege log as appropriate.

Defendant's objection to this request is **OVERRULED**. Defendant **SHALL** produce the requested records. To the extent that Defendant believes any responsive documents are sensitive, Defendant should utilize the **Protective Order** currently in place (Doc. 26). To the extent that Defendant believes any responsive documents are privileged, Defendant **MUST** produce a privilege log in accordance with Federal Rule of Civil Procedure 26.

4. **Plaintiff's Request for Production No. 36**: All documents containing, pertaining to, or referencing Defendant's response to and/or investigation of any employee complaints/reports of disability discrimination and/or failure to accommodate a disability from January 1, 2020 to the present.

The parties' arguments as to this request are identical to those arguments raised in connection with Plaintiff's Request for Production No. 35.

Defendant's objection to this request is **OVERRULED**. Defendant **SHALL** produce the requested records. To the extent that Defendant believes any responsive documents are sensitive, Defendant should utilize the **Protective Order** currently in place (Doc. 26). To the extent that Defendant believes any responsive documents are privileged, Defendant **MUST** produce a privilege log in accordance with Federal Rule of Civil Procedure 26.

5. **Plaintiff's Interrogatory No. 11**: For the time period of July 1, 2021 through January 1, 2022, provide the following:
   (a) the name, address and telephone number of all individuals hired by Defendant as a respiratory therapist;
   (b) the date of hire of all individuals identified in subsection (a);
   (c) whether each individual identified in subjection (a) is currently employed by Defendant (and if not currently employed, state the separation date of each individual);
   (d) all locations worked for each individual identified in subsection (a) and the inclusive dates at each such location;
   (e) identify each document that memorializes, supports, or explains the information provided in subsection (a) – (d).

Defendant objects to 11(d), arguing that the location and dates at each such location are irrelevant and unlikely to lend to relevant information. Defendant also contends that this request is excessive and not proportional to the needs of the case. Defendant objects to 11(e), claiming it calls for attorney work product and because it is irrelevant, overly broad, vague, and unduly burdensome. Without waiving these

objections, Defendant identified five individuals, obtained through agencies, it hired to provide services at St. Joseph memorial Hospital during the time specified.

Plaintiff contends that she is entitled to conduct discovery on the basis underlying the alleged undue hardship asserted by Defendant as grounds for terminating Plaintiff's employment. Specifically, Plaintiff contends that whether she was "replaced" by a new hire or transferred employee following the termination of her employment is relevant to the issue of whether or not additional medical leave truly represented an undue hardship on Defendant due to business/coverage needs.

Defendant's objection to 11(d) is **OVERRULED.** Defendant's objection to 11(e) is **SUSTAINED.** The request is overly broad and vague. Defendant shall supplement its answer, to the extent necessary, to provide all requested information in 11(a) - 11(d).

6. **Defendant's Interrogatory 8**: Identify each and every other health care provider, including therapist, psychologist, psychiatrist, or social worker, from whom you have sought treatment since August 1, 2016, and for each health care provider, please state the following:
    a. The date(s) on which you consulted each health care provider; and
    b. The diagnosis or treatment received, and/or medication you were prescribed.

Plaintiff contends that this interrogatory is overly broad in time and scope, seeks an unreasonable level of detail, and is harassing, oppressive, and invasive of personal privacy. She also objects to the extent that the interrogatory seeks information that is inadmissible, not reasonably calculated to lead to the discovery of admissible evidence, and protected from disclosure by doctor patient privilege. In support of her objection, Plaintiff contends that she has already identified all medical providers related to her

relevant medical condition, the allegations asserted in the lawsuit, and her claimed damages. Plaintiff also contends that she cannot be compelled to respond to the interrogatory because she is only alleging "garden variety" emotional distress damages.

Defendant contends that because Plaintiff seeks damages for emotional distress, she has put her mental and/or emotional health at issue. As a result, Defendant argues, it is entitled to determine whether other stressors contributed to her alleged emotional distress. Defendant also contends that, Plaintiff's disclosure of *medical* information and/or records does not relieve her of any obligation to provide relevant *mental health* information and/or records.

"[T]here is a psychotherapist-patient privilege in federal cases," and privileged information is not discoverable. *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (citing *Jaffee v. Redmond*, 518 U.S. 1 (1996)); FED. R. CIV. P. 26(b)(1). But this privilege is not absolute. *Oberweis Dairy*, 456 F.3d at 718.

Courts have followed three paths regarding the waiver issue: (1) a broad application of waiver; (2) a narrow application; and (3) a middle ground. *See generally Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 513 (N.D. Ill. 2018). Under the broad approach, a patient waives psychotherapist-patient privilege "by merely seeking damages for emotional distress." *Id.* at 513 (citation omitted). With the narrow application, a patient waives the privilege "only when she affirmatively relies on her communications with the psychotherapist or calls the therapist as a witness." *Taylor v. Chicago*, 2016 WL 5404603, at *2 (N.D. Ill. Sept. 28, 2016). According to the "middle

ground" approach, a waiver does not occur when the patient is only seeking "garden variety" damages. *Id.* (citation omitted).

In *Doe v. Oberweis Dairy*, 456 F.3d 704 (7th Cir. 2006), the Seventh Circuit addressed the issue, apparently adopting the broad approach: "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Oberweis Dairy*, 456 F.3d at 718 (citations omitted). Some district courts in this Circuit have ignored the holding in *Oberweis* and applied an exception for "garden variety" emotional distress damages. *See*, e.g., *Johnston v. Jess,* 2020 WL 3605629, at *4 (W.D. Wis. July 2, 2020). The undersigned, however, does not read such an exception into *Oberweis*. "The rule espoused in *Oberweis* is straightforward and unequivocal." *Taylor v. City of Chicago*, 2016 WL 5404603, at *3 (N.D. Ill. Sept. 28, 2016). "And the *Oberweis* decision tells the district courts precisely when a plaintiff waives the privilege; namely, 'by seeking damages for emotional distress.'" *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 516 (N.D. Ill. 2018) (quoting *Taylor*, 2016 WL 5404603, at 3). *See also Prusaczyk v. Hamilton Cnty. Coal, LLC,* 2020 WL 6449327, at *2 (S.D. Ill. Nov. 3, 2020) (same).

In the instant case, Plaintiff seeks damages for emotional distress as a result of Defendant's conduct. Under *Oberweis*, these allegations are sufficient to put Plaintiff's psychological state in issue. As such, the psychotherapist-patient privilege is waived. The Court finds that the information requested by Defendant is relevant to Plaintiff's claim for damages resulting from emotional distress. Accordingly, Plaintiff's objection to this request is **OVERRULED,** and Plaintiff will be required to answer Interrogatory No. 8.

8

The parties shall supplement their discovery responses as set forth herein on or before April 21, 2023.

**SO ORDERED.**

Dated: April 10, 2023

_____
DAVID W. DUGAN
United States District Judge